PITE DUNCAN, LLP
STEVEN W. PITE (NV Bar #008226)
EDDIE R. JIMENEZ (NV Bar #10376)
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail:  ecfnvb@piteduncan.com

E-Filed on 4/23/2009

ABRAMS & TANKO, LLLP
MICHELLE L. ABRAMS (NV Bar #005565)
3085 S. Jones Blvd., Suite C
Las Vegas, NV 89146

Attorneys for  Secured Creditor WACHOVIA MORTGAGE, FSB, FKA WORLD SAVINGS
           BANK, FSB

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>JOSE AZMITIA,<br><br>      Debtor(s). | Bankruptcy Case No. BK-S-09-13716-mkn<br>Chapter 7<br><br>WACHOVIA MORTGAGE, FSB, FKA<br>WORLD SAVINGS BANK, FSB'S<br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>Date:  May 18, 2009<br>Time:  10:30 a.m. |

Wachovia Mortgage, FSB, fka World Savings Bank, FSB ("Movant"), moves this court for

an order terminating the automatic stay of 11 United States Code § 362 as to Movant, so that Movant

may commence and continue all acts necessary to enforce its security interest in real property

generally described as 5129 Cannon Boulevard, Las Vegas, Nevada 89108.

On or about March 17, 2009, Jose Azmitia ("Debtor") filed a voluntary petition under

Chapter 7 of the Bankruptcy Code, and Yvette Weinstein was appointed as Chapter 7 Trustee.  As a

result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed

as provided in 11 United States Code § 362.

Movant moves this court for relief from stay under 11 United States Code §§ 362(d)(1) and

362(d)(2).

- 1 -

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(2).

4

5

### NO EQUITY

6      11 United States Code § 362(d)(2) provides that relief from the automatic stay shall be

7   granted if the debtor does not have any equity in the property and the property is not necessary to the

8   debtor's effective reorganization.

9         In re <u>San Clemente Estates</u>, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to

10
> immediately proceed against the property where the debtor has no
> equity and it is unnecessary to the reorganization, <u>even where</u> the

11
> debtor can provide adequate protection under § 362(d)(1). (Emphasis
> added).

12

13      <u>Id.</u> at 610 (emphasis added).

14      In re <u>Mikole Developers, Inc.</u>, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated

15   that in determining whether equity exists in the property for purposes of § 362(d)(2), all

16   encumbrances are totalled, whether or not all the lienholders have joined in the request for relief

17   from stay.  The Ninth Circuit has concurred with this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th

18   Cir. 1984).

19      An appropriate cost of sale factor should also be added to determine if the debtor has any

20   equity in the property.  <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289

21   (Bankr. S.D. Cal. 1982).

22   /././

23   /././

24   /././

25   /././

26   /././

27   /././

28   /././

2

**THE FIRST NOTE AND DEED OF TRUST**

On or about May 18, 2005, Debtor, for valuable consideration, made, executed and delivered to Movant a First Note in the principal sum of $147,200.00 (the "First Note"). Pursuant to the First Note, Debtor is obligated to make monthly principal and interest payments commencing July 15, 2005, and continuing until June 15, 2035, when all outstanding amounts are due and payable. The First Note provides that, in the event of default, the holder of the First Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the First Note is attached hereto as exhibit B and incorporated herein by reference.

On or about May 18, 2005, the Debtor made, executed and delivered to Movant a First Deed of Trust (the "First Deed of Trust") granting Movant a security interest in real property commonly described as 5129 Cannon Boulevard, Las Vegas, Nevada 89108 (the "Real Property"), which is more fully described in the First Deed of Trust. The First Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the First Note. The First Deed of Trust was recorded on May 24, 2005, in the Official Records of Clark County, State of Nevada. A true and correct copy of the First Deed of Trust is attached hereto as exhibit C and incorporated herein by reference.

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

/././

1    The obligation under the First Note is in default as of December 15, 2008, for failure to make

2    payments to Movant.  As of April 9, 2009, the total obligation due and owing under the First Note is

3    in the approximate amount of $156,849.90, representing the principal balance of $151,909.39,

4    interest in the sum of $4,271.30, late charges in the amount of $175.96, escrow advances in the

5    amount of $428.25, and total fees in the amount of $65.00.  This is an approximate amount for

6    purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as

7    interest and additional advances may come due subsequent to the filing of the Motion.  An exact

8    payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred

9    additional post-petition attorneys' fees and costs in bringing the instant Motion.  Moreover, the total

10    arrears under the First Note are in the approximate sum of $5,130.61, excluding the post-petition

11    attorneys' fees and costs incurred in filing the instant Motion.  Movant's Information Sheet as to the

12    extent of liens and encumbrances against the Real Property is attached hereto as exhibit A and

13    incorporated herein by reference.

14    **THE SECOND NOTE AND DEED OF TRUST**

15    On or about September 16, 2006, Debtor, for valuable consideration, made, executed and

16    delivered to Movant a Second Note in the principal sum of $10,100.00 (the "Second Note").

17    Pursuant to the Second Note, Debtor is obligated to make monthly principal and interest payments

18    commencing November 15, 2006, and continuing until October 15, 2036, when all outstanding

19    amounts are due and payable.  The Second Note provides that, in the event of default, the holder of

20    the Second Note has the option of declaring all unpaid sums immediately due and payable.  A true

21    and correct copy of the Second Note is attached hereto as exhibit D and incorporated herein by

22    reference.

23    /././/

24    /././/

25    /././/

26    /././/

27    /././/

28    /././/

On or about May 18, 2005, the Debtor made, executed and delivered to Movant a Second Deed of Trust (the "Second Deed of Trust") granting Movant a security interest in real property commonly described as 5129 Cannon Boulevard, Las Vegas, Nevada 89108 (the "Real Property"), which is more fully described in the Second Deed of Trust. The Second Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Second Note. The Second Deed of Trust was recorded on September 21, 2006, in the Official Records of Clark County, State of Nevada. A true and correct copy of the Second Deed of Trust is attached hereto as exhibit E and incorporated herein by reference.

The obligation under the Second Note is in default as of December 15, 2008, for failure to make payments to Movant. As of April 9, 2009, the total obligation due and owing under the Second Note is in the approximate amount of $10,339.30, representing the principal balance of $9,935.67, interest in the sum of $278.63, late charges in the amount of $60.00, and total fees in the amount of $65.00. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Second Note are in the approximate sum of $324.37, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. Movant's Information Sheet as to the extent of liens and encumbrances against the Real Property is attached hereto as exhibit A and incorporated herein by reference.

## II.

## RELIEF FROM STAY

## LACK OF EQUITY

Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $126,000.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached hereto as exhibit F and incorporated herein by reference.

/./.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $126,000.00 |
| Less: | |
| Movant's 1st Trust Deed | $156,849.90 |
| Movant's 2nd Trust Deed | $10,339.30 |
| Costs of Sale (8%) | $10,080.00 |
| Equity in the Property: | $<51,268.90> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(2).

Debtor's Statement of Intent indicates it is the intent of the Debtor to surrender the Real Property in full satisfaction of Movant's secured claim. A true and correct copy of the Debtor's Statement of Intent is attached hereto as exhibit G and incorporated herein by reference.

### III.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(1).

### CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 United States Code §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

/././

/././

/././

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1.      Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Second Deed of Trust;

2.      That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.      Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Second Deed of Trust, including any action necessary to obtain possession of the Property;

4.      Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5.      Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Second Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6.      That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

7.      That the requirements of Local Rule 9021 be waived; and

8.      For such other and further relief as the court deems just and proper.

Dated: April 23, 2009                    /s/ Eddie R. Jimenez
                                         4375 Jutland Drive, Suite 200
                                         P.O. Box 17933
                                         San Diego, CA 92177-0933
                                         (858) 750-7600
                                         NV Bar # 10376
                                         Attorney for WACHOVIA
                                         MORTGAGE, FSB, FKA
                                         WORLD SAVINGS BANK, FSB